UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

RONALD SMITH
191 Bugg Hollow Road
Gallatin, Tennessee 37066

    Plaintiff,

    v.

RED ROCK PRODUCTIONS, LLC
2501 East Enterprise Avenue
Appleton, Wisconsin 54913

    and

COBBLESTONE PRODUCTIONS, LLC
80 B Street, Suite 204
Needham, Massachusetts 02494

    and

SEAN MCKINNEY
401 South Locust Street, Lower
Appleton, Wisconsin 54914

    Defendants

Case No.: 20-cv-34

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Ronald Smith, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant(s) reside and/or operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Ronald Smith, is an adult male resident of the State of Tennessee with a post office address of 2501 East Enterprise Avenue, Appleton, Wisconsin 54913.

5. Defendant, Red Rock Productions, LLC, was, at all material times herein, a commercial entity with a principal address of 2501 East Enterprise Avenue, Appleton, Wisconsin 54913.

6. Defendant, Cobblestone Productions, LLC, was, at all material times herein, a commercial entity with a principal address of 80 B Street, Suite 204, Needham, Massachusetts 02494.

7. Defendant Red Rock Productions and Defendant Cobblestone Productions are production companies operating throughout the Midwest of the United States, including in the State of Wisconsin.

8. Defendant, Sean McKinney, was, at all material times herein, an individual resident of the State of Wisconsin with a principal business address of 401 South Locust Street, Lower, Appleton, Wisconsin 54914.

9. Defendant McKinney owns, operates, and manages Defendant Red Rock Productions and Defendant Cobblestone Productions.

10. During the relevant time periods as stated herein, Defendant Cobblestone Productions was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

11. During the relevant time periods as stated herein, Defendant Red Rock Productions was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

12. During the relevant time periods as stated herein, Defendant Red Rock Productions employed more than two (2) employees.

13. During the relevant time periods as stated herein, Defendant Cobblestone Productions employed more than two (2) employees.

14. During the relevant time periods as stated herein, Defendant Red Rock Productions' annual dollar volume of sales or business exceeded $500,000.

15. During the relevant time periods as stated herein, Defendant Cobblestone Productions' annual dollar volume of sales or business exceeded $500,000.

16. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

17. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

18. During the relevant time periods as stated herein, Defendant McKinney was an "employer" as that term is defined under the FLSA and/or the WWPCL.

19. During Plaintiff's employment with Defendants, Defendant McKinney supervised Plaintiff's day-to-day activities.

20. During Plaintiff's employment with Defendants, Defendant McKinney had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

21. During Plaintiff's employment with Defendants, Defendant McKinney had the ability and authority to (and actually did), review Plaintiff's work performance.

22. During Plaintiff's employment with Defendants, Defendant McKinney established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendants, on behalf of Defendants, and/or at Defendants' direction.

23. During Plaintiff's employment with Defendants, Defendant McKinney controlled the terms and conditions of Plaintiff's employment.

24. During Plaintiff's employment with Defendants, Defendant McKinney established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

25. During Plaintiff's employment with Defendants, Defendant McKinney tracked and/or recorded Plaintiff's hours of work.

26. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

27. During Plaintiff's employment with Defendants and in furtherance of his job duties and responsibilities as part of Defendants' business practice, Plaintiff regularly engaged in interstate travel, compensable work with goods or products that crossed state lines, and interstate communications and/or correspondence with Defendants' customers, prospective customers, and vendors.

## GENERAL ALLEGATIONS

28. On or about October 23, 2019, Plaintiff commenced employment with Defendants in the position of Stage Manager/Rigger as part of Defendants' "Hometown Heroes Production" in the State of Wisconsin.

29. Prior to the commencement of Plaintiff's employment with Defendants, Defendants agreed to compensate Plaintiff with $600 per day, or $4,200 per workweek, for any and all compensable work performed in his position of Stage Manager/Rigger.

30. During Plaintiff's employment with Defendants in the position of Stage Manager/Rigger, Plaintiff's primary job duty was performing manual labor by physically hauling or moving materials and equipment and by physically constructing, setting up, and rigging the stage(s).

31. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger, Plaintiff reported directly to Defendant McKinney, Production Director and owner of Defendant Red Rock Productions and Defendant Cobblestone Productions.

32. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger, Plaintiff performed compensable work on behalf of Defendants, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the position of Stage Manager/Rigger.

33. During Plaintiff's employment with Defendants in the position of Stage Manager/Rigger, Plaintiff frequently worked in excess of forty (40) hours per workweek.

34. During Plaintiff's employment with Defendants in the position of Stage Manager/Rigger, Plaintiff regularly and consistently performed compensable work for approximately eighteen (18) hours per day, from approximately 8:00 a.m. to 2:00 a.m.

35. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger, Plaintiff was not an officer or director of Defendants.

36. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger, no employees of Defendants reported directly to Plaintiff, and Plaintiff did not customarily and regularly direct the work of any of Defendants' employees.

37. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger, Plaintiff was not employed in a commissioned sales capacity.

38. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger, Plaintiff was not privy to confidential matters involving Defendants.

39. On or about November 10, 2019 was Plaintiff's last day of work with Defendants.

40. During Plaintiff's employment with Defendants, Defendants did not have an established workweek for FLSA and/or WWPCL purposes.

41. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee under the FLSA and WWPCL in the position of Stage Manager/Rigger.

42. During the entirety of Plaintiff's employment with Defendants, Plaintiff performed non-exempt job duties under the FLSA and WWPCL in the position of Stage Manager/Rigger.

43. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger from approximately October 23, 2019 and November 10, 2019, Defendants did not compensate Plaintiff for any hours worked or work performed.

44. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger from approximately October 23, 2019 and November 10, 2019,

Defendants suffered or permitted Plaintiff to work without compensating Plaintiff for any hours worked or work performed.

45. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger from approximately October 23, 2019 and November 10, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed.

46. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger from approximately October 23, 2019 and November 10, 2019 and despite Plaintiff frequently working in excess of forty (40) hours per workweek, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with overtime pay of time-and-one-half of Plaintiff's regular rate of pay for any and all hours worked in excess of forty (40) hours in a workweek.

47. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger from approximately October 23, 2019 and November 10, 2019, Defendants failed to compensate Plaintiff with agreed-upon compensation for any and all hours worked and work performed.

48. During the entirety of Plaintiff's employment with Defendants in the position of Stage Manager/Rigger from approximately October 23, 2019 and November 10, 2019, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating him for all hours worked each workweek, including but not limited to at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49. Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted him to work) in a workweek in accordance with the FLSA and WWPCL.

50. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

51. Defendants owe Plaintiff earned and unpaid wages for work performed during the entirety of Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, in an amount that remains to be determined, plus an equal amount for liquidated damages and attorneys' fees and costs.

**FIRST CAUSES OF ACTION – FLSA VIOLATIONS**
**(MINIMUM WAGE AND OVERTIME)**

52. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

53. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

54. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

56. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked each workweek during his employment with Defendants.

57. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek during his employment with Defendants because Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

58. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay and at an overtime rate of pay during workweeks when he worked more than forty (40) hours was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

59. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages and overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

60. Plaintiff is entitled to damages equal to the minimum wages and overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and

knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

61. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### SECOND CAUSES OF ACTION – WWPCL VIOLATIONS
### (MINIMUM WAGES AND OVERTIME PAY)

62. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

63. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

64. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

65. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

66. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities at the hourly rate of $7.25 and at an overtime rate of pay for hours worked in excess of forty (40) in a workweek.

67. Defendants willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked each workweek during his employment with Defendants.

68. Defendants willfully and intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek during his employment with Defendants because Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

69. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

70. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

71. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

72. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

73. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

74. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

75. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities at his previously agreed-upon rate of pay with Defendants.

76. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate him with the agreed-upon compensation of $600 per day, or $4,200 per workweek, for any and all hours worked and work performed during his employment with Defendants, in violation of the WWPCL.

77. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

78. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

79. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages – including but not limited to minimum wages, overtime wages, and agreed-upon wages – for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendants under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 8th day of January, 2020

                                                WALCHESKE & LUZI, LLC
                                                Counsel for Plaintiff

                                                **s/ *Scott S. Luzi***
                                                Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
sluzi@walcheskeluzi.com