UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

RONALD SMITH,

   Plaintiff,

vs.                 Case No. 20-cv-34

RED ROCK PRODUCTIONS, LLC,
COBBLESTONE PRODUCTIONS, LLC,
and SEAN MCKINNEY,

   Defendants.

## DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT

   Defendants, Red Rock Productions, LLC, Cobblestone Productions, LLC, and Sean McKinney, by their attorneys, Gimbel, Reilly, Guerin & Brown LLP, hereby move the Court, the Honorable William C. Griesbach, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), for an order setting aside the entry of default judgment in this matter and allowing Defendants, through undersigned counsel, to file responsive pleadings in the above-captioned matter

   In support thereof, and for the reasons set forth in the Brief in Support of Motion to Set Aside Default as well as the Declaration of Sean McKinney filed contemporaneously herewith, Defendants state as follows:

   1.  On January 8, 2020, Plaintiff filed a complaint against Defendants alleging Defendant committed violations of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. § 201 *et seq.* ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL"). (Docket No. 1).

2. On March 5, 2020, Sean McKinney filed an Answer, *pro se*, on behalf of himself individually and he thought on behalf of Defendants Red Rock Productions, LLC and Cobblestone Productions, LLC. (Docket No. 8).

3. On March 12, 2020, the Governor of the State of Wisconsin declared a public health emergency in response to the COVID-19 pandemic.

4. On March 13, 2020, the President of the United States proclaimed a National Emergency concerning the COVID-19 pandemic.

5. On March 24, 2020, the Wisconsin Department of Health Services issued Emergency Order #12, ordering all individuals present within the State of Wisconsin to stay at home or at their place of residence ("Safer at Home Order").

6. On March 24, 2020, Plaintiff filed its Motion for Entry of Default Judgment Against Defendants Red Rock Productions, LLC and Cobblestone Productions, LLC (Docket No. 11).

7. On March 30, 2020, Sean McKinney, as the registered agent for the two Defendant LLCs, filed additional Answers on behalf of said entities. (Docket Nos. 16 and 17).

8. The answers filed by Sean McKinney on behalf of all Defendants presented meritorious defenses and disputes as to material facts set forth in Plaintiff's Complaint, including, but not limited to, allegations that the FLSA and WWPCL were inapplicable

because Plaintiff was compensated as a 1099 independent contractor and did not satisfy the criteria to be considered as an employee. (Docket Nos. 11, 16, and 17).

9. On April 6, 2020, the Court held a telephonic status conference, wherein the Court instructed Sean McKinney to retain counsel and file an Answer or other responsive pleading within thirty (30) calendar days, or on or before May 6, 2020. (Docket No. 18).

10. Despite diligent and persistent effort, Sean McKinney was unable to retain counsel within thirty (30) days of the April 6, 2020, status conference. (McKinney Dec. ¶¶ 12-16).

11. On May 7, 2020, Plaintiff moved the Court for entry of default, based on the Defendant LLC's failure to serve or file an answer or other responsive pleading to Plaintiff's Complaint. (Docket No. 19).

12. On May 8, 2020, an entry of default was entered by the Clerk against both Defendant LLC's. (Docket No. 20).

13. On June 10, 2020, Plaintiff moved the Court for default judgment.

14. On June 11, 2020, the Court granted Plaintiff's motion for default judgment and entered judgment against Defendant LLC's in the amount of $24,133.13, plus attorneys' fees and costs in the amount of $11,445.00.

15. Defendants have good cause for failing to timely retain counsel to file an Answer or other responsive pleading due to being rejected by multiple law firms which asserted that they were not taking on any new clients due to the COVID-19 pandemic. (McKinney Dec. ¶¶ 9, 12-16).

16. Defendants have just cause for seeking the Court's relief due to excusable neglect in failing to retain counsel to file an Answer or other responsive pleading due to Defendants inability to retain counsel during a National Emergency in which the statewide Safer at Home Order was in place.

17. Justice demands that Defendants be granted relief from the default judgment because the reasons for Defendants' failure to retain counsel to file an Answer or other responsive pleading were due to extreme circumstances beyond Defendants' control.

18. It is in the interest of justice for the Court to grant Defendants relief from the default judgment because the Defendants have meritorious defenses to Plaintiff's Complaint.

WHEREFORE, and for the reasons set forth in the accompanying brief and declaration, Defendants respectfully request that the Court grant Defendants' Motion to Set Aside Default Judgment.

Dated this 24th day of July, 2020.

                                            GIMBEL, REILLY, GUERIN & BROWN LLP

                                            By: s/Russell J. Karnes
                                                ERIN M. STROHBEHN
                                                State Bar No. 1059533
                                                RUSSELL J. KARNES
                                                State Bar No. 1054982
                                                *rkarnes@grgblaw.com*
                                                CHRISTOPHER M. HAYDEN
                                                State Bar No. 1099608
                                                chayden@grgblaw.com
                                          Attorneys for Defendants

**POST OFFICE ADDRESS:**
330 East Kilbourn Avenue
Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
Facsimile: 414/271-7680