UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

RONALD SMITH,

          Plaintiff,

  vs.                                                  Case No. 20-cv-34

RED ROCK PRODUCTIONS, LLC,
COBBLESTONE PRODUCTIONS, LLC,
and SEAN MCKINNEY,

          Defendants.

_____

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION
TO SET ASIDE DEFAULT JUDGMENT**
_____

Defendants, Red Rock Productions, LLC, Cobblestone Productions, LLC (collectively the "Defendant Companies"), and Sean McKinney, by their attorneys, Gimbel, Reilly, Guerin & Brown LLP, seek an order setting aside the default judgment entered against the Defendant Companies in the above-captioned matter. For the reasons set forth below the Defendant Companies have good cause and are entitled to relief from the Court for their default due to excusable neglect or other reasons justifying relief.

## ARGUMENT

This Court's review of Defendants' motion is governed by Federal Rule of Civil Procedure 55(c), which provides:

**(c) Setting Aside a Default or Default Judgment.**

> The court may set aside an entry of default for good cause,
> and it may set aside a default judgment under Rule 60(b).

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment for various reasons including "mistake, inadvertence, surprise, excusable neglect […] or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "A default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proven unavailing." *Ellingsworth v. Chrysler*, 665 F.2d 180, 185, (7th Cir. 1981) (*citations omitted*). To have an entry of default judgment set aside, a defendant must show: (1) good cause for their default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint. *See, e.g.*, *U.S. v. Di Mucci*, 879, F.2d 1488, 1495 (7th Cir. 1989).

### A. Defendant Companies Have Good Cause For The Default.

The Defendant Companies failure to timely retain counsel to file an Answer or other responsive pleading on their behalf constitutes excusable neglect under Rule 60(b)(1), or, in the alternative, provides sufficient reasons to justify relief under Rule 60(b)(6). The Supreme Court has adopted a "flexible understanding" of "excusable neglect." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 389, 113 S. Ct. 1489, 123 L.Ed. 2d 74 (1993). This flexible understanding "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id*. at 394, 113 S. Ct. 1489. A court must take account of all relevant circumstances when determining whether a defendant's neglect was excusable, including: (1) the reason for the defendant's failure to comply with its filing deadline; (2)

the potential impact of defendant's neglect upon judicial proceedings; (3) the danger of prejudice to the plaintiff should the neglect be deemed excusable; and (4) whether defendant acted in good faith. *Id*. at 395, 113 S. Ct. 1489.

First, there are many justifiable reasons for the Defendant Companies' failure to comply with the deadline. From the outset of this case, Sean McKinney, *pro se*, attempted to timely file a responsive pleading as to all parties using an online form provided through the United States Federal Courts website, www.uscourts.gov. (Docket No. 8). The form itself provides only a single line for the named defendant. (*See* Docket No. 8). In addition to completing the form Answer, McKinney also attached a separate document outlining the Defendants' defenses. (Docket No. 8). In the heading portion of the form Answer, McKinney expressly cross-referenced the additional Defendant Companies by directing the Court and the Plaintiff to review the attached paperwork for additional Defendants. (Docket No. 8). The top of the attached document lists all three Defendants as parties to the case. (Docket No. 8).

At the time of filing the form Answer, McKinney was not aware that his reference to the attached document was deficient or that he is not permitted to represent the Defendant Companies. (McKinney Dec. ¶ 8). McKinney first became aware of the alleged deficiencies in the form Answer only after Plaintiff filed its motion for default on March 24, 2020. (McKinney Dec ¶ 8); *See also* Docket No. 11). In response, McKinney filed additional answers on behalf of the Defendant Companies. (Docket Nos. 16 and 17). It was not until the April 6, 2020 status conference, that McKinney was informed by the Court and became aware that he could not represent the Defendant Companies and was

required to retain counsel to file a responsive pleading within thirty (30) days. (Docket No. 18).

Immediately following the April 6, 2020 status conference, McKinney, on behalf of the Defendant Companies, contacted a Wisconsin based law firm purporting to specialize in employment matters. (McKinney Dec. ¶ 12). A receptionist at said firm instructed McKinney that an attorney would return his call. (McKinney Dec. ¶ 12). After a week with no response, McKinney again contacted the same firm and was again informed that an attorney would contact him shortly thereafter. (McKinney Dec. ¶ 13). After another week without a response, McKinney contacted the same firm for a third time. (McKinney Dec. ¶ 14). In response to his third call, McKinney was given a name of an attorney that would likely handle his case and McKinney was again promised that said attorney would contact him shortly. (McKinney Dec. ¶ 14). In the last week of April, McKinney contacted the firm for a fourth time and was told his matter was on the firm's agenda to be discussed during and that an attorney would contact him after the firm's internal discussion regarding the case. (McKinney Dec. ¶ 15). On May 5, 2020, with only one day left to retain counsel and file an answer or other responsive pleading, McKinney received a phone call from said firm informing him that the firm was not taking new cases due to the COVID-19 pandemic. On May 6, 2020, McKinney attempted to contact the Court to explain the situation, but received no response. (McKinney Dec. ¶ 17).

In addition to actively seeking representation, McKinney was in continuous communication with Plaintiff's counsel in an attempt to resolve the matter. (McKinney Dec. ¶ 18). Despite these ongoing conversations and attempts to resolve the matter,

Plaintiff moved the Court for default on May 7, 2020, one day after the court-imposed responsive pleading deadline. (Docket No. 19).

On June 10, 2020, Plaintiff moved the Court for default judgment. After the Court granted the default judgment, McKinney continued conversations seeking resolution and continued his attempts to retain counsel. On July 22, 2020, McKinney was finally able to retain undersigned counsel to represent him and the Defendant Companies in this matter. (McKinney Dec. ¶ 19).

These above-referenced circumstances demonstrate multiple difficulties which caused the Defendant Companies' default including reliance on various representations, a global pandemic, justifiable misunderstandings of law by a layperson, and failed communication. On their own, many of these issues would be sufficient to justify relief from the Court. Accordingly, when these issues are considered collectively and in their totality they demonstrate ample justifications for judicial relief from default judgment.

Second, neither the Plaintiff nor any judicial proceedings have been prejudiced by Defendant Companies' neglect, and neither the Plaintiff nor any proceeding would be prejudiced should this Court set aside the default judgment. The Seventh Circuit "has a well-established policy favoring a trial on the merits over a default judgment." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F. 2d 1202, 1205 (7th Cir. 1984). If this Court sets aside the default judgment against the Defendant Companies, then the Plaintiff would merely be required to pursue his claims on the merits, which he and his counsel should already be preparing to do because the case remains open as to McKinney's personal liability.

Furthermore, this case was filed less than eight (8) months ago and has not proceeded past the initial pleadings phase in regards to any of the named Defendants. For a good portion of the past eight months, many courts in Wisconsin have limited or suspended aspects of civil proceedings altogether because of the global pandemic, including the Eastern District of Wisconsin. (See, e.g., \*\*Amended\*\* General Order Regarding COVID-19 Virus Public Emergency, 20-2). In this counsel's experience, many individual judges have also granted extensions for discovery and other pretrial proceedings during this same time period. Many law firms have also limited their new client contact and reduced staffing levels. Given the circumstances and age of this case, it is unlikely that any necessary or important information has been lost or would be prejudicially difficult to receive. Further, the Defendant Companies have brought their motion set aside the default judgment within forty-five (45) days of the entry of the default judgment, which is well within the one (1) year period generally deemed allowable by federal courts. *See Choice Hotels Intern., Inc. v. Grover*, 792 F. 3d 753, 754 (7th Cir. 2015) (holding that motion seeking to set aside a judgment fell into the residual clause specified in Fed. R. Civ. P. 60(b)(6) as opposed to the reasons codified in Fed. R. Civ. P. 60(b)(1)-(5) because the motion was filed more than one year after the judgment). Therefore, were the Court to vacate the default judgment against the Defendant Companies, there would be limited, if any, prejudice suffered by Plaintiff or any judicial proceedings.

Finally, the actions of McKinney as the registered agent for the Defendant Companies demonstrate a concerted, diligent, and good faith effort to comply with the

6
Case 1:20-cv-00034-WCG   Filed 07/24/20   Page 6 of 9   Document 31

Court's order that the Defendant Companies retain counsel and file an answer or responsive pleading prior to May 6, 2020. McKinney reasonably relied on representations from a reputable Wisconsin law firm that he would be contacted by said firm multiple times throughout the months of April and May. For reasons beyond McKinney's control, specifically a global pandemic, the firm declined to represent him on the last day before his responsive pleading was due.

Although McKinney's reliance on the assertions from the law firm were reasonable, it was admittedly negligent on the part of the Defendant Companies not to make additional attempts to retain counsel through other Wisconsin based law firms prior to the court-imposed deadline. However, in light of the representations made by the original law firm and other surrounding circumstances, the Defendant Companies' negligence in contacting addition law firms was justifiable and must be excused.

Alternatively, even if the Court finds that Defendant Companies inability to retain counsel was not the product of excusable neglect, the circumstances described above justify relief from the default judgment under Rule 60(b)(6). Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) requires that a defendant establish that "extraordinary circumstances" justify upsetting a final decision. *See Gonzalez v. Crosby*, 545 U.S. 524, 535-38, 125 S. Ct. 2641, 162 L. Ed.2d 480 (2005). It is hard to fathom that a party being unable to retain counsel due to global pandemic at the scope and scale of the ongoing pandemic would fail to constitute "extraordinary circumstances" that would justify relief from default judgment. *Id*. Accordingly, justice demands the Defendant Companies be entitled to relief from default judgment.

**B. Defendant Companies Have Acted Quickly To Correct The Default.**

As discussed above, Defendant Companies have filed their motion to set aside the default judgment within forty-five (45) days of the entry of said judgment and within two days of finally being able to retain counsel. Under the circumstances, and in light of the difficulties the Defendant Companies have had retaining counsel during the COVID-19 pandemic, the Defendant Companies have acted as quickly as reasonably possible to correct the default.

**C. Defendants Have Meritorious Defenses To Plaintiff's Claims.**

At all times relevant to the claims asserted in this case, the Plaintiff served as an independent contractor and, as such, was never an "employee", as defined under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL"). Thus, Plaintiff's FLSA and WWPCL claims are precluded because at all material times he was an independent contractor and not an employee of the Defendants. Even as a layperson McKinney recognized and raised these defenses in the pleadings he filed. Accordingly, Defendants have a meritorious defense to Plaintiff's claims and have a highly likelihood of success in their defense of this action on the merits.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant Defendants' Motion to Set Aside Default Judgment.

Dated this 24th day of July, 2020.

                GIMBEL, REILLY, GUERIN & BROWN LLP

                By: <u>s/Russell J. Karnes</u>
                   ERIN M. STROHBEHN
                   State Bar No. 1059533
                   RUSSELL J. KARNES
                   State Bar No. 1054982
                   *rkarnes@grgblaw.com*
                   CHRISTOPHER M. HAYDEN
                   State Bar No. 1099608
                   chayden@grgblaw.com
              Attorneys for Defendants

**POST OFFICE ADDRESS:**
330 East Kilbourn Avenue
Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
Facsimile: 414/271-7680