UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD SMITH,

        Plaintiff,

    v.                               Case No. 20-C-34

RED ROCK PRODUCTIONS, LLC et al.,

        Defendants.

## DECISION AND ORDER GRANTING
## MOTION TO SET ASIDE DEFAULT JUDGMENT

Plaintiff Ronald Smith filed his complaint in this action against Defendants Red Rock Productions, LLC, Cobblestone Productions, LLC, and Sean McKinney on January 8, 2020, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Wisconsin's Wage Payment and Collection Laws (WWPCL). On March 5, 2020, McKinney filed an Answer on behalf of himself, Red Rock Productions, LLC, and Cobblestone Productions, LLC. The court held a telephone conference on April 6, 2020, and advised McKinney that he could represent himself but could not also represent the Defendant Companies. The court granted Defendant Companies a 30-day extension of time to retain counsel and file an Answer. After Defendant Companies did not file an Answer or other responsive pleading, Plaintiff requested that the Clerk enter default on May 7, 2020. Plaintiff subsequently moved for default judgment against Red Rock Productions, LLC and Cobblestone Productions, LLC on June 10, 2020. The court granted the motion on June 11, 2020, and entered default judgment in favor of Plaintiff and against Red Rock Productions, LLC and Cobblestone Productions, LLC. On July 24, 2020, Defendants

filed a motion to set aside default judgment. Plaintiff opposes Defendants' motion. For the following reasons, Defendants' motion to set aside the default judgment will be granted.

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) of the Federal Rules of Civil Procedure authorizes relief from a final judgment due to a mistake, inadvertence, surprise, or excusable neglect. The moving party has the burden of showing (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense. *Pretzel & Stouffer Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). While the elements for relief under Rules 55(c) and 60(b) are substantially the same, the standards are applied more stringently when considering a Rule 60(b) motion. *See Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983); *see also Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (noting that the test "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment"). "While this circuit no longer disfavors default judgments, and does not require the trial court to first impose less drastic sanctions, a default judgment should not be considered a ready response to all litigant misbehavior." *Id.* Default judgment is a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). It is within the sound discretion of the district court to determine whether to set aside a default judgment. *McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 335 (7th Cir. 1984).

In this case, Defendants have satisfied the standard for setting aside the default judgment. Defendants assert that their failure to timely retain counsel to file an Answer or other responsive pleading constitutes excusable neglect under Rule 60(b)(1). They maintain that once McKinney

learned at the April 6, 2020 status conference that he was required to retain counsel to file a responsive pleading on the Defendant Companies' behalf, he immediately contacted a Wisconsin-based law firm to obtain representation. A receptionist took down his information and advised that an attorney would return his call. After a week of no response, McKinney contacted the firm for a second time and was informed that an attorney would contact him shortly. After another week passed with no response, McKinney contacted the firm and was given a name of an attorney that would likely handle his case and was told that attorney would contact him. In the last week of April, McKinney contacted the firm and was told that his matter was on the firm's agenda to be discussed and that an attorney would contact him after the firm's internal discussion regarding the case. On May 5, 2020, the day before his deadline to file a responsive pleading, the firm advised McKinney that it was not taking new cases due to the COVID-19 pandemic. McKinney claims he attempted to contact the court to explain the situation but did not receive a response. He did not file a letter with the court, presumably because the court advised him he could not appear on behalf of the LLC defendants. McKinney was also in communication with Plaintiff's counsel regarding the matter. Defendants assert that after the court granted default judgment on June 10, 2020, McKinney had conversations with Plaintiff's counsel seeking resolution and continued his attempts to retain counsel. On July 22, 2020, McKinney retained counsel to represent him and Defendant Companies in the matter, and the motion to set aside default judgment was filed on July 24, 2020.

    The court finds that Defendants have established good cause and excusable neglect. Defendants' contentions are sufficient to explain the difficulties McKinney experienced retaining counsel as a result of the COVID-19 pandemic, McKinney's reliance on various representations from a law firm that it would contact him regarding the matter, and other failed communications.

Despite these difficulties, McKinney continued to act diligently to retain counsel to represent him and the Defendant Companies. Once Defendants retained counsel, they immediately moved to set aside the default judgment. The length of the delay is minimal and had no impact on the judicial proceedings, as case deadlines have not yet been set in the matter. In addition, Plaintiff has provided no basis for finding that he would be prejudiced, and Defendants have stated a meritorious defense to Plaintiff's claims. *See Sun*, 473 F.3d at 810 (The Seventh Circuit has a "well established policy favoring a trial on the merits over a default judgment."). Under these circumstances, the court will grant Defendants' motion and vacate the entry of default judgment against Red Rock Productions, LLC and Cobblestone Productions, LLC.

For the foregoing reasons, Defendants' motion to set aside the default judgment (Dkt. No. 30) is **GRANTED**. The default judgment entered on June 11, 2020 is **VACATED**. The Clerk is directed to set the matter for a Rule 16 telephone scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 3rd day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge